UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

QUELANDA S. MITCHELL,

    Plaintiff,

v.

                                Case No. 20-cv-214-pp

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 4)**

      The plaintiff, who represents herself, has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court ordered her to file an amended request to proceed without prepaying the filing fee, dkt. no. 3, and the plaintiff has filed that amended request, dkt. no. 4.

      To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The affidavit indicates that she is not employed, she is not married, and she has no dependents she is

1

responsible for supporting. Dkt. No. 4 at 1. The only income the plaintiff lists is $187 per month in Food Share; she lists no expenses, she does not own a home or a car or any other property of value, she has no cash on hand or in a checking or savings account. Id. at 2-4. With her amended request, the plaintiff filed a letter from her mother, which states "I, Gloria Mitchell, mother of [the plaintiff] have been providing basic needs such as: housing, utilities, clothing, personal items, transportation to her doctor appointments since 2016. If I were not, and still am, provide the above needs, [the plaintiff] would be homeless." Dkt. No. 4-1. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff filed this court's form complaint seeking review of a final decision by the Commissioner of Social Security. Dkt. No. 1. The complaint indicates that the plaintiff is seeking Supplemental Security Income and Disability Insurance, that she was denied those benefits, that she is disabled,

and that the Commissioner's unfavorable conclusions and findings of fact when denying benefits are not supported by substantial evidence and/or are contrary to law and regulation. Id. at 2-3. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

Dated in Milwaukee, Wisconsin this 26th day of February, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**