# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**QUELANDA S. MITCHELL,**

    **Plaintiff,**

        **v.**                                           **Case No. 20-CV-214**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## DECISION AND ORDER

Quelanda S. Mitchell seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for supplemental security income and disability insurance benefits under the Social Security Act, 42 U.S.C. § 405(g). For the reasons stated below, the Commissioner's decision is affirmed, and the case is dismissed.

## BACKGROUND

On September 23, 2016, Mitchell filed an application for a period of disability and disability insurance benefits. (Tr. 33.) On April 20, 2017, Mitchell filed an additional application for supplemental security income. (*Id.*) Mitchell filed these applications based on the following impairments: rheumatoid arthritis, fibromyalgia, and pain in her elbow, leg, and knee. (Tr. 99.) Both applications alleged disability beginning on March 20, 2016. (*Id.*) Mitchell's claims were denied initially and upon reconsideration. (Tr. 33.) Mitchell filed a request for a hearing, and a hearing was held before an Administrative Law Judge ("ALJ") on May 7, 2019. (Tr. 54–98.) Mitchell testified at the hearing, as did Dennis Duffin, a vocational expert ("VE"). (Tr. 54.)

In a written decision issued May 17, 2019, the ALJ found that Mitchell had the following severe impairments: bilateral knee arthritis, rheumatoid arthritis, right leg deep vein thrombosis, degenerative changes to the left elbow, depression, post-traumatic stress disorder, and anxiety. (Tr. 35.) The ALJ further found that Mitchell did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (the "listings"). (Tr. 36.)

The ALJ found that Mitchell has the residual functional capacity ("RFC") to perform sedentary work with the following limitations: Mitchell requires a cane for ambulation; she requires a position that will allow her to shift from a seated position to a standing position and/or to stretch at intervals of approximately 30 minutes, provided she does not leave the workstation and the shifting of positions results in her being off task no more than one to two minutes with each position shift; she is incapable of climbing ladders, ropes and scaffolds and is incapable of kneeling or crawling; she is capable of occasionally climbing ramps and stairs and occasionally balancing, stooping, and crouching; she is capable of occasionally reaching in all directions and occasionally pushing and pulling with the non-dominant left upper extremity; and she is capable of frequently handling, fingering, feeling, and grasping with the non-dominant left hand. (Tr. 44.)

The ALJ also limited Mitchell to no more than occasional exposure to extreme temperatures, humidity and wetness, and vibrations; she must avoid all exposure to hazards, including unprotected heights and moving mechanical parts; she is incapable of operating a motor vehicle for work; she is incapable of traveling for work; she is able to understand, remember, and carry out simple and detailed instructions and tasks up to SVP level four (i.e., work that can be learned over three months and up to and including six months) and work at

a consistent pace throughout the workday at simple and detailed tasks but not at a production rate pace where each task must be completed within a strict time deadline or within high quota demands; she is able to make simple and detailed work related decisions in a job that involves only occasional changes in a routine work setting; she is able to sustain concentration and persist at simple and detailed tasks up to two hours at a time with normal breaks during an eight hour workday; she is capable of frequent, but not constant, interaction with the general public, coworkers, and supervisors and; she would be off task up to 5% of the workday in addition to regularly scheduled breaks due to the combined effects of her impairments. (Tr. 44.)

While the ALJ found that Mitchell was unable to perform any of her past relevant work, the ALJ found that given Mitchell's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that she could perform. (Tr. 44–45.) As such, the ALJ found that Mitchell was not disabled from her alleged onset date through the date of the decision. (Tr. 46.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Mitchell's request for review. (Tr. 1–6.)

## DISCUSSION

### 1. *Applicable Legal Standards*

The Commissioner's final decision will be upheld if the ALJ applied the correct legal standards and supported her decision with substantial evidence. 42 U.S.C. § 405(g); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Substantial evidence is not conclusive evidence; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010) (internal quotation and citation omitted). Although a decision denying benefits need not discuss every piece of evidence,

remand is appropriate when an ALJ fails to provide adequate support for the conclusions drawn. *Jelinek*, 662 F.3d at 811. The ALJ must provide a "logical bridge" between the evidence and conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

The ALJ is also expected to follow the SSA's rulings and regulations in making a determination. Failure to do so, unless the error is harmless, requires reversal. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). In reviewing the entire record, the court does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Finally, judicial review is limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

### 2. Application to This Case

Mitchell has been found disabled and awarded benefits as of May 18, 2019. (Pl.'s Br., Docket # 19; Docket # 19-1 at 22.) Thus, she challenges the denial of benefits for the closed period between her alleged onset date of March 20, 2016 and the date of the decision denying benefits, May 17, 2019. (*Id.*)

Mitchell argues that she attempted to have her treating physician, Dr. Richard Hariman, complete a functional capacity test in support of her disability claim. (*Id.*) Mitchell asserts that Dr. Hariman's staff called her attorney and told him that as a rheumatologist, he was unable to complete a functional capacity test and that Mitchell would need to see a physical therapist to do the test. (*Id.*) Mitchell argues that, due to her attorney's negligence, she was not made aware of the failure to complete a functional capacity test prior to the hearing. (*Id.*) Mitchell asserts that after her claims were denied on May 17, 2019, she

completed both a functional capacity test and a bone density test. (*Id.*) Mitchell appends to her brief Dr. Hariman's May 31, 2019 Fibromyalgia RFC Questionnaire; Dr. Hariman's May 31, 2019 functional capacity assessment; and medical records from July 2019, August 2019 (containing her bone density scan results), and June 2020. (Docket # 19-1 at 1–21.)

Mitchell argues that she was denied benefits due to her attorney's "misrepresentation." (Docket # 19.) To the extent Mitchell argues that remand is warranted due to her attorney's alleged negligence, the constitutional right to effective assistance of counsel, while recognized in criminal proceedings as grounded in the Sixth Amendment, *See Strickland v. Washington*, 466 U.S. 668, 685–86 (1984), is extremely limited or nonexistent in civil cases. "There is no principle of effective assistance of counsel in civil cases." *Slavin v. C.I.R.*, 932 F.2d 598, 601 (7th Cir. 1991). Courts have consistently held that there is no ineffective assistance of counsel claim in social security appeals. *See, e.g.*, *Miller v. Comm'r of Soc. Sec.*, 719 F. App'x 130, 134 (3rd Cir. 2017); *Comett v. Astrue*, 261 F. App'x 644, 651 (5th Cir. 2008); *Russell v. Chater*, 62 F.3d 1421, at *2 (8th Cir. 1995); *Strople v. Colvin,* No. 3:13–cv–1518– J–34MCR, 2015 WL 1470866, at *8 (M.D. Fla. Mar. 31, 2015) ("A social security claimant who was represented by counsel of his own choosing cannot at a later time complain that the representation was inadequate."); *Lemoine v. Colvin*, No. 14–cv–079–CJP, 2015 WL 2148421, at *5 (S.D. Ill. May 6, 2015); *Meadows v. Astrue*, No. 1:11–cv–02378, 2012WL 5205798, at *4 (N.D. Ohio Sept. 25, 2012); *Dowd v. Commissioner of Social Security*, No. 8-1272, 2009 WL 2246153 (W.D. Penn. July 26, 2009); *Nelson v. Astrue*, No. 07-2622, 2008 WL 4078464, at *7 (E.D. Penn. Aug. 29, 2008). Thus, even if Mitchell's counsel provided inadequate representation, this cannot be a basis for remand.

To the extent Mitchell argues that the record before the ALJ was incomplete, when a claimant is represented by an attorney, it is presumed that she has put her best case before the ALJ. *See Summers v. Berryhill*, 864 F.3d, 523, 527 (7th Cir. 2017). At the hearing before the ALJ, Mitchell was represented by counsel. (Tr. 54.) The ALJ asked Mitchell's attorney "do you consider the record complete?" (Tr. 57.) Mitchell's attorney responded "[t]he file is complete." (*Id.*) As such, the ALJ's decision was based on a record that was complete and presumed to be Mitchell's best case. Thus, the ALJ did not err in this regard.

Finally, given Mitchell's inclusion of medical opinions and records post-dating the ALJ's decision, it appears that she is arguing that remand is warranted based on new evidence. However, because the ALJ never had the opportunity to consider this evidence, it cannot serve as the basis for reversal pursuant to sentence four of 42 U.S.C. § 405(g). *See Eads v. Sec'y of Health & Human Servs.*, 983 F.2d 815, 817–18 (7th Cir. 1993). Mitchell, however, *did* provide to the Appeals Council at least *some* of the records (Dr. Hariman's May 31, 2019 functional capacity assessment and the August 2019 bone density scan records) (Tr. 8–25) that she now argues support her disability claim. To the extent Mitchell failed to provide the other records she now relies on to the Appeals Council, remand is only possible pursuant to sentence six of § 405(g), which allows a federal court to remand a matter to the Commissioner "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Mitchell does not make such a showing.

To the extent, however, that Mitchell did provide additional records to the Appeals Council, under 20 C.F.R. § 404.970(b), additional evidence submitted to the Appeals Council will be evaluated only if it is "new and material" and "relates to the period on or before the

date of the [ALJ] hearing decision." If the newly submitted evidence satisfies these conditions, the Appeals Council shall incorporate that evidence into the administrative record and shall then evaluate that record, "including the new and material evidence." *Id.* In this case, the Appeals Council considered Mitchell's additional records, and found that the additional evidence did not relate to the period at issue. (Tr. 2.) Although this Court can review an Appeals Council's decision that the evidence was "non-qualifying under the regulation"—in this case, not time-relevant, *see Stepp v. Colvin*, 795 F.3d 711, 722 (7th Cir. 2015)—Mitchell makes no argument as to how the Appeals Council erred.

Rather, it appears that Mitchell took the correct path of filing a new claim supported by the evidence she now cites from 2019 and 2020, and was indeed found disabled as of May 18, 2019. But Mitchell fails to establish that the ALJ erred in his determination that she was not disabled from March 20, 2016 through May 17, 2019. As such, the Commissioner's decision is affirmed.

## CONCLUSION

For the reasons stated above, the Commissioner's decision is affirmed, and the case is dismissed.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the Commissioner's decision is **AFFIRMED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

7

Dated at Milwaukee, Wisconsin this 16th day of July, 2021.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge